# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge If Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2991 | **DATE** | 3/25/2004 |
| **CASE TITLE** | Richard Lepianka vs. The Village of Franklin Park; et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant Village of Franklin Park's oral motion to withhold documents is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 26 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 25 |
| | Copy to judge/magistrate judge. | | 3/22/2004 | |
| | | | date mailed notice | |
| hmb | courtroom deputy's initials WB | 2004 MAR 25 PM 3:32 | hmb | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD AND MARTIN LEPIANKA | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 03 C 2991 |
| THE VILLAGE OF FRANKLIN PARK, et al., | ) Magistrate Judge Nan R. Nolan |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Richard and Martin Lepianka, father and son, brings this action under 42 U.S.C. § 1983 and state law against the Village of Franklin Park ("Village") and four of its police officers. Plaintiffs allege excessive force and false arrest as well as state law claims for assault and battery, false arrest, malicious prosecution, and intentional infliction of emotional distress. Defendant Village produced the personnel files of the defendant officers in response to plaintiffs' discovery requests. The personnel files include, among other things, prior citizen complaints and medical information relating to the defendant officers. Defendant Village now contends that any documents relating to prior citizen complaints, any resulting disciplinary action taken against the officers, and the defendant officers' medical information are not relevant. Defendant Village seeks to withdraw this information from its production response. Defendant Village's motion is granted in part and denied in part.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) prescribes the scope of matters upon which a party may seek discovery. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Courts have broad discretion in resolving matters relating to discovery. Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002).

Defendant Village first argues that in the absence of a Monell claim against the Village, prior complaints against the individual officers are not relevant because propensity evidence is inadmissible under Rule 404(b) of the Federal Rules of Civil Evidence. Plaintiffs correctly argue that disciplinary records containing any similar factual allegations may be relevant and admissible under Rule 404(b) to prove motive, intent, and/or modus operandi. See Okai v. Verfuth, 275 F.3d 606 (7th Cir. 2001); Treece v. Hoschstetler, 213 F.3d 360, 363 (7th Cir. 2000); Wilson v. City of Chicago 6 F.3d 1233 (7th Cir. 1993); see also Edwards v. Thomas, 31 F.Supp.2d 1069 (N.D. Ill. Jan. 7, 1999). Plaintiffs additionally argue that any prior allegation which would impeach the credibility of any of the defendant officers is relevant to show bias, interest or motivate to initiate false charges, falsely testify in this case, and to have falsely testified in the underlying criminal case.

Defendant Village's objection to the production of the defendant officers' disciplinary records on the basis of Rule 404(b) is overruled. The scope of discovery is not limited to admissible evidence. Rule 26 specifically states that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The disciplinary records of the defendant officers are discoverable because evidence of other "bad acts" may be relevant to establishing one of the permissible matters under Rule 404(b).

Defendant Village argues alternatively that the Court should limit disclosure of prior complaints and disciplinary records to claims of alleged use of excessive force or alleged arrests without probable cause within the last five years. The Court declines to limit discovery of prior complaints and disciplinary action to only claims of excessive force and false arrest within the last five years. Plaintiffs are entitled to discover defendant officers' disciplinary records, and the trial judge will determine before or at the trial whether "other acts" are similar enough and close enough in time to be relevant to the matter in issue and thus, admissible. See United States v. Asher, 178 F.3d 486, 492 (7th Cir. 1999).

Defendant Village also contends that documents containing the identification of complainant witnesses are protected from disclosure under the Illinois Freedom of Information Act ("FOIA"). It seeks permission to redact information from the defendant officers' personnel files which identifies complainants and witnesses. That request is denied. The Illinois FOIA exempts from public disclosure: "information revealing the identity of persons who file complaints or provide information to . . . investigative, [or] law enforcement . . . agencies." 5 ILCS 140/7(1)(b)(v). Defendant Village recognizes that Illinois FOIA exemptions do not create an evidentiary privilege within the meaning of Fed. R. Civ. P. 26(b)(1). The Illinois FOIA governs disclosure to the public in general and is not dispositive of disclosure in response to discovery requests in litigation. However, because the Illinois FOIA creates an expectation of privacy with respect to a complainant's identity and the identity of persons providing information to law enforcement agencies, see Doe v. White, 2001 WL 649536, *2 (N.D. Ill. June 8, 2001), the Court finds that good cause exists to enter a protective order limiting the public disclosure of the identity of complainants and witnesses.

Defendant Village also argues that the identities of complainants and witnesses are protected from disclosure under the law enforcement privilege. The law enforcement privilege is designed, among other things, to "preserve the confidentiality of sources, to protect witness and law enforcement personnel, [and] to safeguard the privacy of individuals involved in an investigation." Def.'s brief, p. 5. The law enforcement privilege is not absolute. Holten v. City of Genoa, 2003 WL 22118941, *2 (N.D. Ill. Sept. 12, 2003). It is a qualified privilege under which the need for secrecy must be balanced against the plaintiffs need for access to the information. Defendant Village has not indicated that it seeks to protect the disclosure of confidential sources. After balancing the privacy needs of non-parties against plaintiffs' need for access to the information, the Court finds that a protective order prohibiting the public disclosure and dissemination of the identity of complainants and witnesses will adequately address the implicated privacy concerns and also allow plaintiffs access to potentially relevant information.

Finally, Defendant Village argues that any medical information relating to the defendant officers is irrelevant. Plaintiffs state that two of the defendant officers claim an injury as a result of the incident at issue in this case. Without citation to any supporting authority, plaintiffs further state that "any evaluations of the individual Defendants, psychological or otherwise, may be additionally relevant to state of mind or other issues that can only be determined upon their review." Pls' Reply, p. 6. Medical records concerning any injury allegedly resulting from the incident at issue here may corroborate either side's version of the facts and thus, are discoverable. The Court is unpersuaded, however, that any further medical information regarding defendant officers is relevant to the claim or defense of any party. In the absence of authority supporting, plaintiffs' broad request for further medical records of the individual defendants contained in their personnel files is denied without

prejudice to reassertion should plaintiffs provide supporting authority and/or factual discovery reveals that additional medical information relating to the defendant officers is relevant to the claim or defense of any party.

## CONCLUSION

For the reasons stated above, Defendant Village of Franklin Park's Motion to Withhold Documents is granted in part and denied in part. Defense counsel shall submit a protective order prohibiting the public disclosure of complainants and witnesses identified in documents contained in the defendant officers' personnel files. Plaintiffs are directed to return to Defendant Village all medical information relating to the defendant officers. Defendant Village shall thereafter produce to plaintiffs any medical information relating to the incident at issue here.

ENTER:

*Nan R. Nolan*
Nan R. Nolan
United States Magistrate Judge

Dated: 3/25/04